UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HANVON CORPORATION and HANWANG TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. C06-5701RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' AMENDED MOTION TO SEAL |

This matter comes before the court on the Plaintiffs' Amended Motion to Seal. Dkt. 42. The Court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On December 11, 2006, Plaintiff Wacom Co., LTD., and Plaintiff Wacom Technology Corporation ("Plaintiffs") filed the complaint alleging Patent Infringement, Violation of 35 U.S.C. § 292, and Unfair Competition by Defendant Hanvon Corporation and Defendant Hanwang Technology Co., LTD. ("Defendants"). On May 15, 2007, the Court entered a Revised Stipulated Protective Order. Dkt. 29.

On September 19, 2007, Plaintiffs filed a Motion to Seal. Dkt. 35. On September 20, 2007, Plaintiffs filed an Amended Motion to Seal (Dkt. 42) requesting that the Court accept under seal the following:

• Plaintiffs' Motion for Partial Summary Judgment, Preliminary Injunction and Sanctions for

ORDER
Page - 1

False Testimony, Dkt. 36;

- Exhibits 4, 5, 6, 7, 11, 12, 14, 15, 16, 17, and 18 to the Declaration of Matthew Monkress that were filed in support of Plaintiffs' Motion for Partial Summary Judgment, Preliminary Injunction and Sanctions for False Testimony;

- The Declaration of Professor Cheng Sun that was filed in support of Plaintiffs' Motion for Partial Summary Judgment, Preliminary Injunction and Sanctions for False Testimony;

- Exhibit C to the Declaration of Professor Cheng Sun that was filed in support of Plaintiffs' Motion for Partial Summary Judgment, Preliminary Injunction and Sanctions for False Testimony.

Dkt. 42 at 3-5.

On September 25, 2007, the Court issued a Minute Order noting Plaintiffs' Amended Motion to Seal for October 5, 2007. Dkt. 43. In that order, the Court set October 2, 2007, as the deadline for Defendants to respond to Plaintiffs' Motion to Seal and October 5, 2007, as the deadline for Plaintiffs' reply. *Id.* Defendants did not file a response and Plaintiffs did not file a reply.

## DISCUSSION

The Supreme Court acknowledged the existence of a common law right of access to records in civil proceedings: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). While this right is not absolute, the district court must base its decision to seal documents on a compelling reason and articulate the factual basis for that ruling, without relying on hypothesis or conjecture. *See Hagestad v. Oregon State Bar*, 49 F.3d 1430, 1434 (9th Cir. 1995).

The documents in question were produced by Defendants during discovery and were submitted by Plaintiffs in support of Plaintiffs' dispositive motion. Dkt. 42 at 1. Under the provisions of the Stipulated Protective Order (Dkt. 29), Defendants marked the documents with certain confidentiality designations. *Id.* While Plaintiffs take no position whether the documents in question satisfy the requirements for filing under seal, they do not object to Defendants' confidentiality designations. *Id.* at 2. The parties did confer and Plaintiffs agreed to provisionally file the documents in question under seal. *Id.* In support of Plaintiffs' Amended Motion to Seal, Plaintiffs provided brief arguments as to why Defendants may have designated each document confidential. *See Id.* at 3-5. Defendants, however, did not respond to Plaintiffs' Motion to Seal. While Defendants' confidentiality designations alone do not provide the Court with compelling

reasons to seal the documents, the Court should respond to the brief arguments provided by Plaintiffs in this motion.

### A. Plaintiffs' Motion for Partial Summary, Preliminary Injunction, and Sanctions for False Testimony

Plaintiffs move the Court to seal its Motion for Partial Summary Judgment, Preliminary Injunction and Sanctions for False Testimony (Dkt. 42) because the motion contains information that Defendants have designated as confidential. *See* Dkt. 42, pgs. 5, 6, 17, 20, 21, 23 (page numbers as indicated in footer of motion). Defendants have designated as confidential the following information: "a description of Hanwang's Source Code, quotations from the deposition of Yingjian Liu and quotations from confidential e-mails produced by Defendants, which pertain to competition between the parties." Dkt. 42 at 3.

First, in their motion for partial summary judgment, Plaintiffs included a section entitled "Hawang's Source Code." Dkt. 36 at 11. However, Plaintiffs' only reference to source code is that "all of Hanwang's products, not just the 0806 product, perform skip scanning." Dkt. 36 at 11, ll. 11-12. The other two sentences in that section briefly mention the layout of hardware in Defendants' products and state that the processor contains embedded software. The fact that Plaintiffs allege that all of Defendants' products perform the patented skip scanning technique is not a compelling reason to seal this document.

Second, Plaintiffs included quotes from the deposition of Defendant Hanwang's Chairman, Mr. Yingjian Lui. Because Defendants have failed to advance a compelling reason to seal the deposition that Plaintiffs quoted, *see infra* at sec. D, Defendants have also failed to advance a compelling reason to seal Plaintiffs' dispositive motion.

Third, Plaintiffs included quotes from emails produced by Defendants. Because Defendants have failed to advance a compelling reason to seal the emails that Plaintiffs quoted, *see infra* at secs. G, J, Defendants have also failed to advance a compelling reason to seal Plaintiffs' dispositive motion.

### B. Exhibit 4 to the Declaration of Matthew Monkress

Exhibit 4 to the Declaration of Matthew Monkress is a bill of lading from Prime Shipping International, Inc. The Defendants contend that this document divulges their business and shipping practices and have designated the document "Highly Confidential - Attorneys' Eyes Only." Dkt. 42 at 3.

It is unclear what "highly confidential" business and shipping practices are supposedly divulged in this bill of lading. Defendants have failed to advance a compelling reason to seal this document.

**C.     Exhibits 5, 6, and 7 to the Declaration of Matthew Monkress**

Exhibits 5, 6, and 7 to the Declaration of Matthew Monkress are invoices for sales between Defendant Hanvon and two customers. Dkt. 42 at 3. Defendants marked these documents "Highly Confidential - Attorneys' Eyes Only." *Id.* Defendants have failed to advance any reason, let alone a compelling reason, to seal these documents.

**D.     Exhibit 11 to the Declaration of Matthew Monkress**

Exhibit 11 to the Declaration of Matthew Monkress contains excerpts from the deposition of Hanwang Chairman, Mr. Lui. Defendants contend that the excerpts contain confidential distribution and business information and have designated the documents "Highly Confidential - Outside Attorneys' Eyes Only." Dkt. 42 at 4. Because there is no evidence of highly confidential business practices in the excerpts, Defendants have failed to advance a compelling reason to seal the exhibit.

**E.     Exhibit 12 to the Declaration of Matthew Monkress**

Exhibit 12 to the Declaration of Matthew Monkress is a sales summary that Defendants have designated "Confidential - Outside Counsels' Eyes Only." Dkt. 42 at 4. Defendants have failed to advance a compelling reason to seal this chart that shows the monthly sales volume and sales income for the Defendants' Drawing Tablet product.

**F.     Exhibit 14 to the Declaration of Matthew Monkress**

Exhibit 14 to the Declaration of Matthew Monkress is a Vendor Agreement between Fry's Electronics and Defendant Hanvon. Dkt. 42 at 4. In the agreement, Fry's and Hanvon agree to seek confidential treatment of the agreement in the event that the agreement is produced in litigation. *See* sec. K, ¶6 of the Vendor Agreement. Defendants' request to maintain the confidentiality of a business agreement with a third party is a compelling reason to seal this document.

**G.      Exhibit 15 to the Declaration of Matthew Monkress**

Exhibit 15 to the Declaration of Matthew Monkress is an email produced by the Defendants. Dkt. 42 at 4. Defendants contend that the email relates to competition between the parties involved in this litigation. *Id.* Defendants have marked the email "Highly Confidential - Attorneys' Eyes Only." *Id.* Although the email may contain highly inflammatory statements, Defendants have failed to advance a compelling reason to seal this document.

**H.      Exhibit 16 to the Declaration of Matthew Monkress**

Exhibit 16 to the Declaration of Matthew Monkress contains excerpts from the deposition of Mr. Wang Honggang. Defendants contend that the excerpts contain confidential distribution and business information and have designated the documents "Highly Confidential - Outside Attorneys' Eyes Only." Dkt. 42 at 4. Because there is no evidence of highly confidential business practices in the excerpts, Defendants have failed to advance a compelling reason to seal this document.

**I.      Exhibit 17 to the Declaration of Matthew Monkress**

Exhibit 17 to the Declaration of Matthew Monkress contains excerpts from the deposition of Ms. Wang Jie. Defendants contend that the excerpts contain confidential business structure information and have designated the documents "Highly Confidential - Outside Attorneys' Eyes Only." Dkt. 42 at 5. Because there is no evidence of highly confidential business structure information in the excerpts, Defendants have failed to advance a compelling reason to seal this document.

**J.      Exhibit 18 to the Declaration of Matthew Monkress**

Exhibit 18 to the Declaration of Matthew Monkress is an email regarding pricing negotiations for Defendants' product. Dkt. 42 at 5. Defendants have marked this document "Highly Confidential - Attorneys' Eyes Only." *Id.* Defendants have failed to advance any reason, let alone a compelling reason, to seal this document.

**K.     The Declaration of Professor Cheng Sun and Exh. C to this Declaration**

The Declaration of Professor Cheng Sun includes a discussion regarding Defendants' proprietary source code. Dkt. 42 at 5. In addition, Exhibit C to this declaration contains an in-depth analysis of Defendants' proprietary source code. *Id.* Defendants have designated these documents "Confidential -- Outside Counsel's Eyes Only – Source Code." *Id.* Defendants' request to maintain the confidentiality of their nonpublic, proprietary source code is a compelling reason to seal these documents.

CONCLUSION

The Court should grant the motion to seal Exhibit 14 to the Declaration of Matthew Monkress, the Declaration of Professor Cheng Sun, and Exhibit C to the Declaration of Professor Cheng Sun. Defendants, however, have failed to advance compelling reasons to seal the remainder of the documents in question. The parties recognized that the Court may not be willing to grant motions to seal for certain documents. Dkt. 26, ¶6 (Stipulated Protective Order). Moreover, if the Court declines to grant a motion to seal submitted documents, either party may request, in the motion to seal, that the Court return the documents as to which sealing is sought. *Id.* Neither party requested that the Court return the submitted documents in the event that the Court declined to grant this motion to seal.

ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Amended Motion to Seal (Dkt. 42) is **GRANTED** in part and **DENIED** in part as set forth above. The Clerk is directed to unseal the following:

- Plaintiffs' Motion for Partial Summary Judgment, Preliminary Injunction and Sanctions for False Testimony, Dkt. 36;

- Exhibits 4, 5, 6, 7, 11, 12, 15, 16, 17, and 18 to the Declaration of Matthew Monkress that were filed in support of Plaintiffs' Motion for Partial Summary Judgment, Preliminary Injunction and Sanctions for False Testimony;

///

///

///

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
2  party appearing *pro se* at said party's last known address.
3    DATED this 16th day of October, 2007.

                                    ROBERT J. BRYAN
                                    United States District Judge