UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HANVON CORPORATION and HANWANG TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. C06-5701RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL NON-INFRINGEMENT AND INVALIDITY CONTENTIONS |

This matter comes before the court on Plaintiff's Motion to Strike Defendants' Supplemental Non-Infringement and Invalidity Contentions. Dkt. 49. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

PROCEDURAL HISTORY

On December 11, 2006, Plaintiff Wacom Co., LTD., ("Plaintiff") and Plaintiff Wacom Technology Corporation filed a complaint alleging Patent Infringement, Violation of 35 U.S.C. § 292, and Unfair Competition by Defendant Hanvon Corporation and Defendant Hanwang Technology Co., LTD. ("Defendants").

On March 13, 2007, the parties filed the Joint Status Report. Dkt. 23. Based on that report, the Court set the following pre-trial deadlines:

Disclosure of Asserted Claims and Preliminary Infringement deadline April 3, 2007;

ORDER
Page - 1

1   Disclosure of Invalidity Contentions and documents deadline May 15, 2007.
2   Dkt. 27.
3       On May 16, 2007, Defendants' served Plaintiff with Preliminary Invalidity Contentions. Dkt. 49 at
4   2. On June 4, 2007, Defendants served Plaintiff with Preliminary Non-Infringement Contentions. *Id.* On
5   October 18, 2007, Defendants served Plaintiff with Supplemental Preliminary Non-Infringement
6   Contentions and a Supplemental Disclosure of Preliminary Invalidity Contentions. *Id.*
7       On October 19, 2007, Plaintiff filed a Motion to Strike Defendants' Supplemental Non-
8   Infringement and Invalidity Contentions. Dkt. 49.  On November 5, 2007, Defendants filed a response to
9   that motion. Dkt. 73.  On November 9, 2007, Plaintiff filed a reply.  Dkt. 83.

## DISCUSSION

**A.   Local Patent Rules**

Plaintiff argues that the Court should strike the Defendants' supplemental contentions and disclosure because the Local Patent Rules do not allow Defendants to supplement their preliminary contentions. Dkt. 49 at 2. Defendants contend that the proposed Local Patent Rules allow such supplementation. Dkt. 73 at 6. What neither party advances is an authority for the Court to enforce the proposed Local Patent Rules that have yet to be adopted.

In the initial stages of this litigation, in an effort to assist the parties with case management, the Court provided the parties with the proposed Local Patent Rules, that had been submitted to the Court in 2004 by the Federal Bar Association, but that have not yet been adopted. The proposed rules are designed to streamline the pre-trial and claim construction process, and generally to reduce the cost of patent litigation. In the Joint Status Report, both parties consented to the adoption of some of the provisions of the proposed Local Patent Rules. As a result, the Court set some pre-trial dates according to the proposed schedule. Without the Court's involvement, the parties agreed to work within the bounds of the proposed rules. *See* Dkt. 73 at 2. While an agreement to follow the deadlines set forth by the proposed rules seems to be in the best interests of both parties, the Court did not order that the parties comply with all of the provisions of these proposed rules. Moreover, as is apparent, the deterioration of an agreement to follow the proposed Local Patent Rules creates the exact opposite of a streamlined process, resulting in the

1  consideration of additional motions and expense of other litigation inefficiencies.  It is extremely
2  unfortunate that this situation has become an example of the need for Local Patent Rules.  Nonetheless, as
3  discussed below, Plaintiff has not shown that it has been prejudiced by Defendants' supplements.
4        Therefore, the Court should decline to grant Plaintiff's motion to strike based on a violation of the
5  proposed Local Patent Rules.

7  **B.   Scheduling Order**
8        The Court set a deadline for Defendants to serve preliminary invalidity and non-infringement
9  contentions.  Dkt. 27.  Defendants complied with that scheduling order by serving Plaintiff with the
10 required material.  Dkt. 49 at 2.  Plaintiff argues that Defendants' violated that scheduling order by
11 supplementing their preliminary material.  *See* Dkt. 49.  The Court's scheduling order set a deadline for
12 preliminary and final contentions.  Defendants supplemental contentions do not violate that scheduling
13 order.  Moreover, Plaintiff has failed to show that it has been prejudiced by Defendants' supplemental
14 material.  *Id.*  Therefore, the Court should decline to grant Plaintiff's motion to strike on this issue.

16                               ORDER
17       Therefore, it is hereby
18       **ORDERED** that Plaintiff's Motion to Strike Defendants' Supplemental Non-Infringement and
19 Invalidity Contentions (Dkt. 49) is **DENIED**.
20       The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
21 party appearing *pro se* at said party's last known address.
22       DATED this 16th day of November, 2007.

                                     ROBERT J. BRYAN
                                     United States District Judge