UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HANVON CORPORATION and HANWANG TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. C06-5701RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF PATENT CLAIM CONSTRUCTION ORDER |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of Patent Claim Construction Order. Dkt. 113. The Court has considered the pleadings filed in support of the motion and the remainder of the file herein.

I. PROCEDURAL HISTORY

On December 11, 2006, Plaintiff Wacom Co., LTD., and Plaintiff Wacom Technology Corporation ("Plaintiffs") filed the complaint alleging Patent Infringement, Violation of 35 U.S.C. § 292, and Unfair Competition, by Defendant Hanvon Corporation and Defendant Hanwang Technology Co., LTD. ("Defendants"). Dkt 1. Plaintiffs claim infringement of six U.S. Patents: RE34,187 ("'187 Patent"); 4,878,553 (as reexamined) ("'553 Patent"); 4,999,461 ("'461 Patent"); 5,134,689 ("'689 Patent"); RE35,329 ("'329 Patent"); and 5,691,513 ("'513 Patent"). *Id.*

On October 30, 2007, each party submitted an opening brief for proposed claim constructions.

ORDER
Page - 1

Dkt. 67 (Defendants), Dkt. 70 (Plaintiffs). On November 13, 2007, each party submitted a reply brief for claim constructions. Dkt. 87 (Defendants), Dkt. 91 (Plaintiffs). On December 6, 2007, the Court held the claim construction hearing. On December 21, 2007, the Court issued the Patent Claim Construction Order. Dkt. 111. On December 31, 2007, Plaintiffs filed a Motion for Reconsideration of that Patent Claim Construction Order. Dkt. 113.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

Plaintiffs argue that the Court made manifest and pervasive errors of law by requiring Plaintiffs to prove that their proposed constructions for multiple means-plus-function claims were valid. Dkt. 113 at 4-5. Plaintiffs assert "that the 'doctrine of construing claims to preserve their validity . . . has no applicability' except where the claim is ambiguous even after applying all of the tools of claim construction." Dkt. 113 at 4 *citing Phillips v. AWH Corp.*, 415 F.3d 1303, 1327-8 (Fed. Cir. 2005). However, "[t]he applicability of the doctrine [of construing claims to preserve their validity] in a particular case therefore depends on the strength of the inference that the [Patent and Trademark Office ("PTO")] would have recognized that one claim interpretation would render the claim invalid, and that the PTO would not have issued the patent assuming that to be the proper construction of the term." *Id.* at 1328. For the '553 Patent, Plaintiffs' proposed means-plus-function constructions were so limited, vague, and unsupported by the weight of intrinsic and extrinsic evidence in the record that a brief discussion of invalidity was required. Moreover, Plaintiffs were consistent in advancing the same limited arguments and unsupported constructions for the means-plus-functions limitations in the remainder of the asserted patents.

In the end, the Court adopted the means-plus-function constructions proposed by Defendants' expert, who proposed constructions that were consistent with the understanding given to the terms by a person of ordinary skill in the art. *Compare* Dkt. 111 *with* Declaration of Dr. Alexander V. Mamishev,

Dkt. 69. Further, the patents in question are still presumed to be valid under 35 U.S.C. § 282.

Therefore, the Court should deny Plaintiffs' motion because: 1) the Court did not commit manifest error in considering the validity of the patents during the claim construction and 2) the Court construed the claims consistent with the meaning given to them by a person of ordinary skill in the art.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration of Patent Claim Construction Order (Dkt. 113) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of January, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge