UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HANVON CORPORATION and HANWANG TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. C06-5701RJB<br><br>ORDER ON CR 37 JOINT SUBMISSION RE WACOM'S PRIVILEGE LOG |

This matter comes before the Court on the parties' CR 37 Joint Submission Re Wacom's Privilege Log. Dkt. 116. The Court has considered the pleading and the remainder of the file herein.

## I. PROCEDURAL HISTORY

On December 11, 2006, Plaintiff Wacom Co., LTD., and Plaintiff Wacom Technology Corporation ("Plaintiffs") filed the complaint alleging Patent Infringement, Violation of 35 U.S.C. § 292, and Unfair Competition, by Defendant Hanvon Corporation and Defendant Hanwang Technology Co., LTD. ("Defendants"). Dkt 1. Plaintiffs claim infringement of six U.S. Patents: RE34,187 ("'187 Patent"); 4,878,553 (as reexamined) ("'553 Patent"); 4,999,461 ("'461 Patent"); 5,134,689 ("'689 Patent"); RE35,329 ("'329 Patent"); and 5,691,513 ("'513 Patent"). *Id.*

On January 7, 2007, the parties filed a CR 37 Joint Submission Re Wacom's Privilege Log. Dkt. 116.

ORDER
Page - 1

## II. DISCUSSION

Civil LR 37(a)(2) provides:

> A motion for an order compelling disclosure or discovery may be filed and noted in the manner prescribed in CR 7(d)(3). Alternatively, the parties may, by agreement, utilize the expedited procedure set forth in this subsection. If the parties utilize this procedure, the motion may be noted for consideration for the day the motion is filed.

LR 37(a)(2)(B). In this case, the parties chose to utilize the expedited procedure. Dkt. 116.

Defendants argue that Plaintiffs have not provided an adequate privilege log and that Plaintiffs have refused to update their privilege log in accordance with Defendants' requests for more identifying information. *Id.* at 2-4. Specifically, Defendants request that the Court order Plaintiffs' to supplement their privilege log by providing, for each entry:

(i) the identity all individuals involved;

(ii) the position of all individuals involved;

(iii) the present location of the document(s) involved; and

(iv) the dates of the communication(s) involved.

*Id.* at 3-4. Plaintiffs concede that they will provide to Defendants the location of the documents involved. *Id.* at 8. Plaintiffs, however, contend that their 1600 privilege log "entries identify each author and recipient of a document (except where no such information was available) and also identify each individual's employer." *Id.*

Defendants claim that "a proper assertion of privilege must be more specific than a generalized, boilerplate objection." Dkt. 116 at 2 *citing Burlington N. & Santa Fe Ry. Co. v. United States District Court for the District of Montana*, 408 F.3d 1142, 1147 (9th Cir. 2005). That case, however, is factually distinguishable and, as Plaintiffs argue, only held that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." Dkt. 116 at 6 *citing Burlington,* 408 F.3d at 1149 (emphasis added). Defendants have failed to show that the holding of *Burlington* is applicable to the adequacy of an opposing party's privilege log.

A party's privilege log must provide sufficient disclosure that "will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Defendants have failed to establish that Plaintiffs have provided insufficient information. Plaintiff claims that the privilege log reveals

ORDER
Page - 2

"each author and recipient of a document (except where no such information was available) and also identify each individual's employer. It also identifies which individuals are attorneys or other legal personnel." Dkt. 116 at 8. Defendants have failed to show that this is insufficient disclosure.

As to job titles, Plaintiffs concede that the log does not contain the job titles of authors or recipients. Dkt. 116 at 8. Defendants, however, have failed to show that this information would benefit any assessment of the privileged nature of any specific document.

Finally, Plaintiffs claim that they provided the dates of the privilege documents when a date was present. Dkt. 116 at 10.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' request for Wacom to provide a more adequate privilege log is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of January, 2008.

_____
ROBERT J. BRYAN
United States District Judge