UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HANVON CORPORATION and HANWANG TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. C06-5701-RJB<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

This matter comes before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint. Dkt. 122. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

I. PROCEDURAL BACKGROUND

On December 11, 2006, Plaintiff Wacom Co., LTD., and Plaintiff Wacom Technology Corporation ("Plaintiffs") filed the complaint alleging Patent Infringement, Violation of 35 U.S.C. § 292, and Unfair Competition, by Defendant Hanvon Corporation and Defendant Hanwang Technology Co., LTD. ("Defendants"). Dkt 1. Plaintiffs claim infringement of six U.S. Patents: RE34,187 ("'187 Patent"); 4,878,553 (as reexamined) ("'553 Patent"); 4,999,461 ("'461 Patent"); 5,134,689 ("'689 Patent"); RE35,329 ("'329 Patent"); and 5,691,513 ("'513 Patent"). *Id.*

On February 4, 2008, Plaintiffs filed a Motion for Leave to File First Amended Complaint. Dkt.

ORDER
Page - 1

122. On February 11, 2008, Defendants filed a response. Dkt. 139. On February 13, 2008, Plaintiffs filed a reply. Dkt. 148.

## II. DISCUSSION

Under Fed. R. Civ. Pro. 15, after the defendant has served the plaintiff with an answer to plaintiff's complaint, plaintiff may only amend the complaint with the defendant's written consent or by leave of court. Fed. R. Civ. Pro. 15(a)(1)-(2). The court should freely grant leave when justice so requires. *Id.* at (2). This policy is to be followed with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding whether to grant leave to amend, the court should consider a showing of prejudice to the opposing party or a strong showing of bad faith, undue delay, or futility of the amendment. *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs have moved to amend the complaint by adding Plaintiff Wacom Technology Corporation ("WTC") as a plaintiff to the claims for patent infringement asserted in this action. Dkt. 122 at 2. Defendants present two arguments against Plaintiffs' proposed amendment: 1) when the original pleading was drafted, Plaintiffs knew or should have known the facts upon which the amendment is based and 2) Defendants would be prejudiced by the amendment. Dkt. 139 at 1-2. Defendants first argument is essentially an undue delay argument.

**A.     Undue Delay**

Plaintiffs claim that they have only recently discovered that WTC is an exclusive licensee of two of the asserted patents in this action. Dkt. 122 at 2. Because of the licensee-licensor relationship, WTC now has standing to pursue the patent infringement claims. Dkt. 148 at 3. Defendants argue that WTC has been a party to this action for over a year and, therefore, they have unduly delayed amending the complaint. Dkt. 139 at 1-2. "Undue delay by itself, however, is insufficient to justify denying a motion to amend. We have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citations omitted). While failing to amend the complaint over the course of the previous year of litigation may show some undue delay, the Court should consider the resulting prejudice to Defendants from this delay.

**B.      Prejudice**

Defendants argue that granting Plaintiffs leave to amend the complaint would result in additional discovery, continuances, and delays to the case schedule. Dkt. 139 at 3. The additional discovery would be needed to verify whether WTC is an exclusive licensee of the asserted patents. *Id.* Plaintiffs counter that Defendants have already taken extensive discovery on this issue. Dkt. 148 at 5.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (*citing Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir.1977)). Defendants have failed to meet their burden on the showing of prejudice. Although Defendants claim that the amendment will result in significant costs and delays, these general assertions do not overcome the mandate that leave to amend should be liberally granted.

Therefore, the Court should grant Plaintiffs leave to file the first amended complaint.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs Motion for Leave to File First Amended Complaints (Dkt. 122) is **GRANTED**. Plaintiffs must file the First Amended Complaint before March 3, 2008.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of February, 2008.

ROBERT J. BRYAN
United States District Judge