UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HANVON CORPORATION and HANWANG TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. C06-5701RJB<br><br>ORDER ON MOTIONS TO SEAL RE: DISCOVERY |

This matter comes before the court on the parties' multiple Motions to Seal. Dkt. 131; Dkt. 133; Dkt. 154; Dkt. 163; Dkt. 167; Dkt. 175; Dkt. 182. The Court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On December 11, 2006, Plaintiff Wacom Co., LTD., and Plaintiff Wacom Technology Corporation ("Plaintiffs") filed the complaint alleging Patent Infringement, Violation of 35 U.S.C. § 292, and Unfair Competition by Defendant Hanvon Corporation and Defendant Hanwang Technology Co., LTD. ("Defendants"). On May 15, 2007, the Court entered a Revised Stipulated Protective Order. Dkt. 29.

On February 4, 2008, fact discovery closed. Dkt. 27 (Court's scheduling order). On that day, the parties filed five discovery related motions. Dkt. 120; Dkt. 124; Dkt. 126; Dkt. 128; Dkt. 134. On February 12, 2008, Plaintiffs filed another discovery related motion. Dkt. 141. Accompanying these

ORDER
Page - 1

motions, as well as the responses and replies to these motions, the parties filed seven motions to seal documents submitted in support of their arguments. Dkt. 131; Dkt. 133; Dkt. 154; Dkt. 163; Dkt. 167; Dkt. 175; Dkt. 182.

In most of these motions to seal, the moving party takes no position with regard to whether the documents satisfy the requirements for filing the documents under seal. *See, e.g.*, Dkt. 131. The moving party does not take a position because the documents in question were produced during discovery by the other party. *Id.* The produced documents were usually designated as "highly confidential" documents by the producing party before being turned over to the moving party. *Id.* Thus, the moving party only files the motion to seal pursuant to a previous agreement between the parties that, when submitting confidential documents to the Court, the submitting party would move for the confidential documents to be filed under seal. *Id.*

## DISCUSSION

The Supreme Court acknowledged the existence of a common law right of access to records in civil proceedings: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). While this right is not absolute, the district court must base its decision to seal documents on a compelling reason and articulate the factual basis for that ruling, without relying on hypothesis or conjecture. *See Hagestad v. Oregon State Bar*, 49 F.3d 1430, 1434 (9th Cir. 1995). Finally, Local Rule CR 5(g)(2) provides:

> The court may order the sealing of any files and records on motion of any party, on stipulation and order, or on the court's own motion. If no defendant has appeared in the case, the motion to seal may be presented ex parte. The law requires, and the motion and proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access.

Local Rule CR 5(g)(2).

**A.   Plaintiffs' Motions to Seal**

Plaintiffs have filed three motions to seal. Dkt. 133; Dkt. 167; Dkt. 182. Plaintiffs have subsequently withdrawn one of these motions. *See* Dkt. 198 (withdrawal of Dkt. 167). Defendants have not responded to either of the two pending motions to seal. Because Plaintiffs take no position with regard to whether the documents satisfy the requirements for filing the documents under seal, the Court must look to the Defendants to provide a compelling reason and to articulate a factual basis to seal these documents from public access. *See above*. Defendants have failed to meet this burden. Therefore, the Court should deny the Plaintiffs remaining two motions to seal (Dkt. 133 and Dkt. 182).

**B.   Defendants' Motions to Seal**

   **1.   First Motion to Seal – Dkt. 131**

Defendants filed a motion to seal Exhibits 1, 2, 5, and 10 to the Declaration of Harold H. Davis (Dkt. 130). Dkt. 131. Plaintiffs responded to this motion and conceded that Exhibits 2, 5, and 10 need not be sealed because the documents do not contain confidential information. Dkt. 171 at 2. Plaintiffs, however, argue that Exhibit 1 does contain information pertaining to a confidential negotiation between Plaintiffs and a third party. *Id.* at 3.   This is a compelling reason to seal Exhibit 1.

   **2.   Second Motion to Seal – Dkt. 154**

Defendants filed a motion to seal Exhibits to attached to the Davis Declaration in Opposition to Wacom's Motion For Protective Order (Dkt. 153). Dkt. 154. Plaintiffs responded to this motion and conceded that Exhibit B need not be sealed because the document does not contain confidential information. Dkt. 172 at 2. Plaintiffs, however, argue that Exhibit A is an inadvertently produced document that contains attorney work product. *Id.* The parties dispute whether the information in the document is attorney work product. *See* Dkt. 141; Dkt. 152. The Court should reserve its opinion on whether this document should be sealed until the Court determines whether the document does contain attorney work product.

### 3. Third Motion to Seal – Dkt. 163

Defendants filed a motion to seal multiple Exhibits to the Davis Declaration in Opposition to Wacom's Motion to Compel Production of Documents (Dkt. 162). Dkt. 163. Defendants moved to seal the following:

(1) a signed 2006 Distribution Agreement and other sales contracts between Hanwang and Hanvon with Bates numbers HAN16809-842;

(2) an unsigned 2008 Distribution Agreement and other sales contracts between Hanwang and Hanvon with Bates numbers HAN16774-785;

(3) Hanvon Monthly Reports with Bates numbers HAN16797-16808;

(4) Hanvon Payment Receipts with Bates numbers HAN16843-853;

(5) Hanvon Payment Statements produced with Bates numbers HAN16787-796;

(6) Jun Liu's Handwritten Notes with Bates numbers HAN16854-857;

(7) a summary of various costs and labor with Bates numbers HAN16601-602;

(8) summary of supplemental costs with Bates numbered HAN16603-650; and

(9) excerpts from the 30(b)(6) deposition testimony of Jun Liu.

Dkt. 163 at 2. Defendants argue that these documents are confidential distribution agreements and financial documents. *Id.* at 3-4. These are compelling reasons to seal these documents.

### 4. Fourth Motion to Seal – Dkt. 175

Defendants filed a motion to seal multiple Exhibits to the Davis Declaration In Support of Reply Brief in Support of Motion to Compel (Dkt. 174). Dkt. 175. The Exhibits were produced by Plaintiffs in discovery. *Id.* Plaintiffs responded and stated that they have no objection to denying this motion. Dkt. 197. Therefore, the Court should deny this motion to seal.

### ORDER

Therefore, it is hereby

**ORDERED** that:

1. Plaintiffs' Motion to Seal Exhibits to the Declaration of Robert T. Cruzen In Support Of Plaintiffs' Motion to Compel Production of Documents (Dkt. 133) is **DENIED**. The Clerk is directed to unseal the Exhibits to the Declaration of Robert T. Cruzen In Support Of Plaintiffs' Motion to Compel Production of Documents (Dkt. 136);

2. Plaintiffs' Motion to Seal Exhibit B to the Supplemental Declaration of Robert T. Cruzen in Support of Plaintiffs' Motion to Compel Production of Documents (Dkt. 182) is **DENIED**. The Clerk is directed to unseal Exhibit B to the Supplemental Declaration of Robert T. Cruzen in Support of Plaintiffs' Motion to Compel Production of Documents (Dkt. 183);

3. Defendants' Motion to Seal Exhibits 1, 2, 5, 10 to Declaration of Harold H. Davis (Dkt. 131) is **GRANTED** as to Exhibit 1 and **DENIED** as to Exhibits 2, 5, and 10. The Clerk is directed to unseal Exhibits 2, 5, and 10 to Declaration of Harold H. Davis (Dkt. 132);

4. Defendants' Motion to Seal Exhibits to Davis Declaration in Opposition to Wacom's Motion For Protective Order (Dkt. 154) is **DENIED** as to Exhibit B and the Court will reserved judgment as to Exhibit A. The Clerk is directed to unseal Exhibit B to Davis Declaration in Opposition to Wacom's Motion For Protective Order (Dkt. 155);

5. Defendants' Motion to Seal Exhibits to Davis Declaration in Opposition to Wacom's Motion to Compel Production of Documents (Dkt. 163) is **GRANTED**; and

6. Defendants' Motion to Seal Exhibits to Davis Declaration In Support of Reply Brief in Support of Motion to Compel (Dkt. 175) is **DENIED**. The Clerk is directed to unseal Exhibits 1 and 2 to Davis Declaration (Dkt. 176).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th day of March, 2008.

ROBERT J. BRYAN
United States District Judge